JS 44 (Rev.) **JHS**

# CIVIL COVER SHEET

16.a.5655

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

The United States of America

## DEFENDANTS

16   5655

MICHELLE OLVERA & JOSE H. TORRES-LOPEZ
7 Brighton Court
Oxford, PA 19363

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Chester
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KML Law Group, P.C. – Thomas I. Puleo, Esquire
701 Market Street, Ste. 5000, Phila., PA 19106
215-627-1322, TPuleo@kmllawgroup.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| X 1 | U.S. Government Plaintiff | 3   Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | X 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - | of Property 21 USC 881 | 423 Withdrawal | 400 State Reapportionment |
| 130 Miller Act | 315 Airplane Product | Product Liability | 690 Other | 28 USC 157 | 410 Antitrust |
| 140 Negotiable Instrument | Liability | 367 Health Care/ | | | 430 Banks and Banking |
| 150 Recovery of Overpayment | 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 330 Federal Employers' | Product Liability | | 830 Patent | 470 Racketeer Influenced and |
| 152 Recovery of Defaulted | Liability | 368 Asbestos Personal | | 840 Trademark | Corrupt Organizations |
| Student Loans | 340 Marine | Injury Product | | | 480 Consumer Credit |
| (Excludes Veterans) | 345 Marine Product | Liability | | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | 861 HIA (1395ff) | 850 Securities/Commodities/ |
| of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | | 862 Black Lung (923) | Exchange |
| 160 Stockholders' Suits | 355 Motor Vehicle | 371 Truth in Lending | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 190 Other Contract | Product Liability | 380 Other Personal | | 864 SSID Title XVI | 891 Agricultural Acts |
| 195 Contract Product Liability | 360 Other Personal | Property Damage | | 865 RSI (405(g)) | 893 Environmental Matters |
| 196 Franchise | Injury | 385 Property Damage | | | 895 Freedom of Information |
| | 362 Personal Injury - | Product Liability | | | Act |
| | Medical Malpractice | | | | 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 899 Administrative Procedure |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement | 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| X 220 Foreclosure | 441 Voting | 463 Alien Detainee | Income Security Act | or Defendant) | Agency Decision |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate | | 871 IRS—Third Party | 950 Constitutionality of |
| 240 Torts to Land | 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| 245 Tort Product Liability | Accommodations | 530 General | | | |
| 290 All Other Real Property | 445 Amer. w/Disabilities | 535 Death Penalty | | | |
| | Employment | **Other:** | **IMMIGRATION** | | |
| | 446 Amer. w/Disabilities | 540 Mandamus & Other | 462 Naturalization Application | | |
| | Other | 550 Civil Rights | 465 Other Immigration | | |
| | 448 Education | 555 Prison Condition | Actions | | |
| | | 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

(middle columns) | 625 Drug Related Seizure | **LABOR** 710 Fair Labor Standards Act / 720 Labor/Management Relations / 740 Railway Labor Act / 751 Family and Medical Leave Act / 790 Other Labor Litigation

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1471

Brief description of cause:
**Action of Mortgage Foreclosure**

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   Yes   X No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

2016

DATE   10/24/16

SIGNATURE OF ATTORNEY OF RECORD
*Thomas I. Puleo*

FOR OFFICE USE ONLY

**JHS**

### UNITED STATES DISTRICT COURT

16   5655

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case of the purpose of assignment to appropriate calendar.

Address of Plaintiff: _c/o Suite 5000 – BNY Independence Center, 701 Market Street, Philadelphia, PA 10106-1532_

Address of Defendants: _7 Brighton Court Oxford, PA 19363_

Place of Accident, Incident or Transaction: _ACTION OF MORTGAGE FORECLOSURE OF REAL PROPERTY_
(Use Reverse Side For Additional Space)

Does this case involve multi-district litigation possibilities?                                           Yes☐   No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cass are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                   Yes ☐            No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                   Yes ☐            No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
                                                   Yes ☐            No ☒

CIVIL. (Place ☑ in ONE CATEGORY ONLY)

| | |
|---|---|
| **A.    Federal Question Cases:** | **B.    Diversity Jurisdiction Cases:** |
| 1.    ☐ Indemnity Contract, Manne contract, and All Other Contracts | 1.    Insurance contract and Other Contracts |
| 2.    ☐ FELA | 2.    Airplane Personal Injury |
| 3.    ☐ Jones Act-Personal Injury | 3.    Assault, Defamation |
| 4.    ☐ Antitrust | 4.    Marine Personal Injury |
| 5.    ☐ Patent | 5.    Motor Vehicle Personal Injury |
| 6.    ☐ Labor-Management Relations | 6.    Other Personal Injury (Please specify) |
| 7.    ☐ Civil rights | 7.    Products Liability |
| 8.    ☐ Habeas Corpus | 8.    Products Liability – Asbestor |
| 9.    ☐ Securities Act(s) Cases | 9.    All other diversity Cases |
| 10.    ☐ Social Security Review Cases | (Please specify) |
| 11.    ☒ All other Federal Question Cases | |

(Please specify) **Foreclosure of property encumbered by a federal mortgage.**

### ARBITRATION CERTIFICATION
(Check appropriate Category)

I, _Thomas I. Puleo, Esq._, counsel of record do here by certify:

☐    Pursuant to Local civil Rule 52.2. Section 2©(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $!50,000.00 exclusive of interest and costs.

☐    Relief other than monetary damages is sought.

DATE: _10/23/16_                                       (sig)                27615
                                   Attorney-at-Law                Attorney i.d.#

**NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 39.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/25/16_                                       (sig)                27615
                                   Attorney-at-Law                Attorney i.d.#

CIV 609 (9/99)

OCT 28 2016



**JHS**

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs.<br><br>MICHELLE OLVERA<br>JOSE H. TORRES-LOPEZ<br>Defendants | CIVIL ACTION NO.<br><br>16   5655 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that the defendants do not agree with the plaintiff regarding said designation, that the defendants shall, with their first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which those defendants believe the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b)  Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c)  Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)  Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e)  Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f)  Standard Management -- Cases that do not fall into any one of the other tracks,   (X)

**10/23/2016**
Date

_Thomas I. Puleo_

Thomas I. Puleo, Esq.
**Attorney for Plaintiff, United States of America**
Pennsylvania Attorney I.D. No. 27615
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6305 (Direct)
FAX (215) 825-6405
email: Tpuleo@kmllawgroup.com

OCT 28 2016



UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

        **Plaintiff**

    vs.

**MICHELLE OLVERA**
**JOSE H. TORRES-LOPEZ**

        **Defendants**

**16     5655**

**CIVIL NO.**

## COMPLAINT

The United States of America, on behalf of its Agency, the Rural Housing Service, by its specially appointed counsel, Thomas I. Puleo of KML LAW GROUP, P.C., represents as follows:

1.    This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2.    The last-known address of the Defendants, MICHELLE OLVERA and JOSE H. TORRES-LOPEZ ("Defendants") is 7 Brighton Court, Oxford, PA 19363.

3.    On or about May 13, 2011, at the special instance and request of MICHELLE OLVERA and JOSE H. TORRES-LOPEZ, the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, ("Plaintiff"), loaned to the Defendants the sum of $189,900.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

4.      As evidence of the indebtedness, Defendants executed and delivered to the Plaintiff, a Promissory Note dated May 13, 2011 in the amount of $189,900.00. A true and correct copy of the Note is attached and incorporated as Exhibit "A" ("Note").

5.      Defendants, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about May 13, 2011, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on May 18, 2011 with the Office of the Recorder of Deeds, Chester County, Pennsylvania, in Book 8179 Page 600. A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "B" ("Mortgage").

6.      Plaintiff is the owner and holder of the Note and Mortgage and they have not been assigned.

7.      The property secured by the Mortgage is known as 7 Brighton Court Oxford, PA 19363 and is more fully described in the legal description attached and incorporated as Exhibit "C" ("Property"). The property subject to foreclosure is within the jurisdiction of this Court.

8.      The Note and Mortgage are in default as Defendants have failed or refused to comply with the provisions of the Note and Mortgage, as follows: (a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property.

9.      Due to the breaches of the provisions and conditions of the Note and Mortgage, the Plaintiff elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable.

10.     The amounts due and owing to Plaintiff on the Note and Mortgage are as

follows:

| | |
|---|---:|
| PRINCIPAL BALANCE | $180,098.71 |
| Interest from 06/13/2014 to 08/22/2016 at 4.6250% | $18,279.35 |
| Interest Recapture | $12,216.67 |
| Late Charges | $72.81 |
| | $210,667.54 |
| Fees Required with Payoff Funds | + $345.56 |
| Fees Currently Assessed | + $11,462.44 |
| | $222,475.54 |

11.     Plaintiff mailed to Defendants a Notice of Intention to Foreclose by

certified mail, to their last-known address on the date shown on the copy of the Notice

attached and incorporated as Exhibit "D" ("Notice").

12.     No other action has been brought at law or in equity to enforce the

provisions of the Note and Mortgage, and that all conditions precedent to the bringing of

the action have been performed or have occurred.   Plaintiff has complied with the

requirements of 7 C.F.R. 3550.207.

**WHEREFORE**, the Plaintiff demands judgment as follows:

Defendants and every person whose conveyance or encumbrance is subsequent or

subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and

equity of redemption in the mortgaged premises; the Property may be decreed to be sold

according to law; the monies arising from the sale be brought into Court; Plaintiff be paid

the amount adjudged due with interest thereon to the time of such payment, together with

costs and expenses of this action and expenses of the sale so far as the amount of such

money applicable thereto will pay the same;   the Plaintiff shall have such other and

further relief, or both, in the property as shall be just and equitable.

United States of America by and through
its specially appointed counsel
KML Law Group, P.C.

By: _____

Thomas I. Puleo
BNY Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)825-6305
(215)825-6405
TPULEO@KMLLAWGROUP.COM

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | **CIVIL NO.** |
| **vs.** | |
| **MICHELLE OLVERA** | |
| **JOSE H. TORRES-LOPEZ** | |
| **Defendants** | |

# **EXHIBITS**

"A"  NOTE
"B"  MORTGAGE
"C"  PROPERTY
"D"  NOTICE OF INTENTION TO FORECLOSE

Form RD 1940-16
(Rev. 7-05)

Form Approved
OMB No. 0575-0172

## UNITED STATES DEPARTMENT OF AGRICULTURE
### RURAL HOUSING SERVICE

## PROMISSORY NOTE

**SATISFIED**

Type of Loan   SECTION 502

Loan No.   ▓▓▓▓▓▓▓▓

Date:   05/13   20 11

This _____ day of ___, ___ 20 ___
United States of America
By: _____
Title: _____
USDA, Rural Housing Services

7 Brighton Court
_____
(Property Address)

Oxford                     Chester        ,   PA
_____               _____          _____
(City or Town)              (County)           (State)

BORROWER'S PROMISE TO PAY. In return for a loan that I have received, I promise to pay to the order of the United States of America, acting through the Rural Housing Service (and its successors) ("Government") $ 169,900.00 (this amount is called "principal"), plus interest.

INTEREST. Interest will be charged on the unpaid principal until the full amount of the principal has been paid. I will pay interest at a yearly rate of ____4.6250____ %. The interest rate required by this section is the rate I will pay both before and after any default described below.

PAYMENTS. I agree to pay principal and interest using one of two alternatives indicated below:

I. Principal and interest payments shall be temporarily deferred. The interest accrued to ___ _____ , _____ shall be added to the principal. The new principal and later accrued interest shall be payable in __396__ regular amortized installments on the date indicated in the box below. I authorize the Government to enter the amount of such new principal here: $ _____, and the amount of such regular installments in the box below when such amounts have been determined. I agree to pay principal and interest in installments as indicated in the box below.

II. Payments shall not be deferred. I agree to pay principal and interest in ____396____ installments as indicated in the box below.

I will pay principal and interest by making a payment every month.
I will make my monthly payment on the _13th_ day of each month beginning on ____June 13____ , 2011_ and continuing for _395_ months. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note. My monthly payments will be applied to interest before principal. If on ___May 13___ , 2044 , I still owe amounts under this note, I will pay those amounts in full on that date, which is called the "maturity date."
My monthly payment will be $ 935.93 _____ , I will make my monthly payment at the post office address noted on my billing statement _____ or a different place if required by the Government.

PRINCIPAL ADVANCES. If the entire principal amount of the loan is not advanced at the time of loan closing, the unadvanced balance of the loan will be advanced at my request provided the Government agrees to the advance. The Government must make the advance provided the advance is requested for an authorized purpose. Interest shall accrue on the amount of each advance beginning on the date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of the advance as shown in the Record of Advances below. I authorize the Government to enter the amount and date of such advance on the Record of Advances.

HOUSING ACT OF 1949. This promissory note is made pursuant to title V of the Housing Act of 1949. It is for the type of loan indicated in the "Type of Loan" block at the top of this note. This note shall be subject to the present regulations of the Government and to its future regulations not inconsistent with the express provisions of this note.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.

1

EXHIBIT "A"

Account: #▮▮▮▮▮▮▮

LATE CHARGES. If the Government has not received the full amount of any monthly payment by the end of___15_days after the date it is due, I will pay a late charge. The amount of the charge will be_____4_____ percent of my overdue payment of principal and interest. I will pay this charge promptly, but only once for each late payment.

BORROWER'S RIGHT TO PREPAY. I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Government in writing that I am making a prepayment.

I may make a full prepayment or partial prepayment without paying any prepayment charge. The Government will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Government agrees in writing to those changes. Prepayments will be applied to my loan in accordance with the Government's regulations and accounting procedures in effect on the date of receipt of the payment.

ASSIGNMENT OF NOTE. I understand and agree that the Government may at any time assign this note without my consent. If the Government assigns the note I will make my payments to the assignee of the note and in such case the term "Government" will mean the assignee.

CREDIT ELSEWHERE CERTIFICATION. I certify to the Government that I am unable to obtain sufficient credit from other sources at reasonable rates and terms for the purposes for which the Government is giving me this loan.

USE CERTIFICATION. I certify to the Government that the funds I am borrowing from the Government will only be used for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY. If the property constructed, improved, purchased, or refinanced with this loan is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for 3 years or longer, or (3) is sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the entire remaining unpaid balance of the loan immediately due and payable. If this happens, I will have to immediately pay off the entire loan.

REQUIREMENT TO REFINANCE WITH PRIVATE CREDIT. I agree to periodically provide the Government with information the Government requests about my financial situation. If the Government determines that I can get a loan from a responsible cooperative or private credit source, such as a bank or a credit union, at reasonable rates and terms for similar purposes as this loan, at the Government's request, I will apply for and accept a loan in a sufficient amount to pay this note in full. This requirement does not apply to any cosigner who signed this note pursuant to section 502 of the Housing Act of 1949 to compensate for my lack of repayment ability.

SUBSIDY REPAYMENT AGREEMENT. I agree to the repayment (recapture) of subsidy granted in the form of payment assistance under the Government's regulations.

CREDIT SALE TO NONPROGRAM BORROWER. The provisions of the paragraphs entitled "Credit Elsewhere Certification" and "Requirement to Refinance with Private Credit" do not apply if this loan is classified as a nonprogram loan pursuant to section 502 of the Housing Act of 1949.

DEFAULT. If I do not pay the full amount of each monthly payment on the date it is due, I will be in default. If I am in default the Government may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Government may require me to immediately pay the full amount of the unpaid principal, all the interest that I owe, and any late charges. Interest will continue to accrue on past due principal and interest. Even if, at a time when I am in default, the Government does not require me to pay immediately as described in the preceding sentence, the Government will still have the right to do so if I am in default at a later date. If the Government has required me to immediately pay in full as described above, the Government will have the right to be paid back by me for all of its costs and expenses in enforcing this promissory note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorney's fees.

2

Account # ███████

NOTICES. Unless applicable law requires a different method, any notice that must be given to me under this note will be given by delivering it or by mailing it by first class mail to me at the properly address listed above or at a different address if I give the Government a notice of my different address. Any notice that must be given to the Government will be given by mailing it by first class mail to the Government at USDA Rural Housing Service, c/o Customer Service Branch Post Office Box 66889, St. Louis, MO 63166 , or at a different address if I am given a notice of that different address.

OBLIGATIONS OF PERSONS UNDER THIS NOTE. If more than one person signs this note, each person is fully and personally obligated to keep all of the promises made in this note, including the promise to pay the full amount owed. Any person who is a guarantor, surety, or endorser of this note is also obligated to do these things. The Government may enforce its rights under this note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this note. The term "Borrower" shall refer to each person signing this note.

WAIVERS. I and any other person who has obligations under this note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Government to demand payment of amounts due. "Notice of dishonor" means the right to require the Government to give notice to other persons that amounts due have not been paid.

WARNING: Failure to fully disclose accurate and truthful financial information in connection with my loan application may result in the termination of program assistance currently being received, and the denial of future federal assistance under the Department of Agriculture's Department regulations, 7 C.F.R. part 3017.

_Jose H. Torres_ Seal

Borrower Jose H Torres-Lopez

_Michelle Olvera_ Seal

Borrower Michelle Olvera

_____ Seal

Borrower

_____ Seal

Borrower

## RECORD OF ADVANCES

| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
|---|---|---|---|---|---|
| (1) $189,900.00 | 05-13-2011 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |

TOTAL   $ 189,900.00

3



11099536
Page 1 of 8

SOUTHERN CHESTER COUNTY    05/18/2011 09.08A   B-8179 P-600

This Document Recorded              Doc Id: 11099536
05/18/2011    State RTT: 0.00          Receipt #: 559305
09:08AM       Local RTT: 0.00          Rec Fee: 81.00
Doc Code: MTG Chester County, Recorder of Deeds Office
Recorded Electronically by Simplifile

**Prepared By and Return To:**
**Larmore Scarlett, LLP**
**P.O. Box 384**
**Kennett Square, PA 19348**
**610-444-4939**
**File No.: 197-55049**

FL

UPI NO.: 6-9-90.25 ✓

## MORTGAGE FOR PENNSYLVANIA

Unofficial Copy



EXHIBIT "B"



RECORDER OF DEEDS

11099536
SOUTHERN CHESTER COUNTY      05/18/2011 09.08A   B-8179 P-600

Page 2 of 6

Form RD 3550-14 PA
(Rev. 12-10)

[Space Above This Line For Recording Data]

Form Approved
OMB No. 0575-0172

United States Department of Agriculture
Rural Housing Service

# MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE ("Security Instrument") is made on   May 13 , 2011 . [Date]
The mortgagor is   JOse H. Torres Lopez and Michelle Olvera

("Borrower"). This Security Instrument is given to the United States of America acting through the Rural Housing Service or successor agency, United States Department of Agriculture ("Lender"), whose address is Rural Housing Service, c/o Centralized Servicing Center, United States Department of Agriculture, P.O. Box 66889, St. Louis, Missouri 63166.

Borrower is indebted to Lender under the following promissory notes and/or assumption agreements (herein collectively called "Note") which have been executed or assumed by Borrower and which provide for monthly payments, with the full debt, if not paid earlier, due and payable on the maturity date:

| Date of Instrument | Principal Amount | Maturity Date |
|---|---|---|
| May 13, 2011 | $189,900.00 | May 13, 2044 |

This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the property covered by this Security Instrument; (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note, and (d) the recapture of any payment assistance and subsidy which may be granted to the Borrower by the Lender pursuant to 42 U.S.C. §§ 1472(g) or 1490a. For this purpose, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the County of   Chester
Commonwealth of Pennsylvania:

SEE ATTACHED LEGAL DESCRIPTION

which has the address of   7 Brighton Court                     Oxford
                                      [Street]                  ("Property Address");      [City]
Pennsylvania 19363   [ZIP]

*According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0575-0172. The time required to complete this information collection is estimated to average 15 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.*

11099536
Page 3 of 8
SOUTHERN CHESTER COUNTY        05/18/2011 09:08A   B-8179 P-600

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures which now or hereafter are a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest; Prepayment and Late Charges.** Borrower shall promptly pay when due the principal of and interest on the debt evidenced by the Note and any prepayment and late charges due under the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or to a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 *et seq.* ("RESPA"), unless another law or federal regulation that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held by a federal agency (including Lender) or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. However, Lender may require Borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property after acceleration under paragraph 22, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

**3. Application of Payments.** Unless applicable law or Lender's regulations provide otherwise, all payments received by Lender under paragraphs 1 and 2 shall be applied in the following order of priority: (1) to advances for the preservation or protection of the Property or enforcement of this lien; (2) to accrued interest due under the Note; (3) to principal due under the Note; (4) to amounts required for the escrow items under paragraph 2; (5) to late charges and other fees and charges.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall pay these obligations in the manner provided in paragraph 2, or if not paid in that manner, Borrower shall pay them on time directly to the person owed payment. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. If Borrower makes these payments directly, Borrower shall promptly furnish to Lender receipts evidencing the payments.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Lender has agreed in writing to such lien or Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien



11099536
Page 4 of 8
SOUTHERN CHESTER COUNTY     05/18/2011 09:08A   B-8179 P-600

in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

Borrower shall pay to Lender such fees and other charges as may now or hereafter be required by regulations of Lender, and pay or reimburse Lender for all of Lender's fees, costs, and expenses in connection with any full or partial release or subordination of this instrument or any other transaction affecting the property.

**5. Hazard or Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurer providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. If Borrower fails to maintain coverage described above, at Lender's option Lender may obtain coverage to protect Lender's rights in the Property pursuant to paragraph 7.

All insurance policies and renewals shall be in a form acceptable to Lender and shall include a standard mortgage clause. Lender shall have the right to hold the policies and renewals. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

Unless Lender and Borrower otherwise agree in writing, insurance proceeds shall be applied to restoration or repair of the Property damaged, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. If Borrower abandons the Property, or does not answer within thirty (30) days a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may collect the insurance proceeds. Lender may use the proceeds to repair or restore the Property or to pay sums secured by this Security Instrument, whether or not then due. The thirty (30) day period will begin when the notice is given.

Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of the payments. If after acceleration the Property is acquired by Lender, Borrower's right to any insurance policies and proceeds resulting from damage to the Property prior to the acquisition shall pass to Lender to the extent of the sums secured by this Security Instrument immediately prior to the acquisition.

**6. Preservation, Maintenance, and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate, or commit waste on the Property. Borrower shall maintain the improvements in good repair and make repairs required by Lender. Borrower shall comply with all laws, ordinances, and regulations affecting the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument or Lender's security interest. Borrower may cure such a default by causing the action or proceeding to be dismissed with a ruling that, in Lender's good faith determination, precludes forfeiture of the Borrower's interest in the Property or other material impairment of the lien created by this Security Instrument or Lender's security interest. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note. If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**7. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph 7, Lender is not required to do so.

Any amounts disbursed by Lender under this paragraph 7 shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Note rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**8. Refinancing.** If at any time it shall appear to Lender that Borrower may be able to obtain a loan from a responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes, Borrower will, upon the Lender's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby in full.

11099536
Page 6 of 8
SOUTHERN CHESTER COUNTY          05/18/2011 09:08A   B-8179 P-600

**9. Inspection.** Lender or its agent may make reasonable entries upon and inspections of the Property. Lender shall give Borrower notice at the time of or prior to an inspection specifying reasonable cause for the inspection.

**10. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender. In the event of a total taking of the Property, the proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with any excess paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the taking, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the taking, divided by (b) the fair market value of the Property immediately before the taking. Any balance shall be paid to Borrower. In the event of a partial taking of the Property in which the fair market value of the Property immediately before the taking is less than the amount of the sums secured hereby immediately before the taking, unless Borrower and Lender otherwise agree in writing or unless applicable law otherwise provides, the proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the condemnor offers to make an award or settle a claim for damages, Borrower fails to respond to Lender within thirty (30) days after the date the notice is given, Lender is authorized to collect and apply the proceeds, at its option, either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. Unless Lender and Borrower otherwise agree in writing, any application of proceeds to principal shall not extend or postpone the due date of the monthly payments referred to in paragraphs 1 and 2 or change the amount of such payments.

**11. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower and any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any other address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable. This instrument shall be subject to the present regulations of Lender, and to its future regulations not inconsistent with the express provisions hereof. All powers and agencies granted in this instrument are coupled with an interest and are irrevocable by death or otherwise; and the rights and remedies provided in this instrument are cumulative to remedies provided by law.

**15. Borrower's Copy.** Borrower acknowledges receipt of one conformed copy of the Note and of this Security Instrument.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is leased for a term greater than three (3) years, leased with an option to purchase, sold, or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument.

**17. Nondiscrimination.** If Borrower intends to sell or rent the Property or any part of it and has obtained Lender's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower, will refuse to negotiate for the sale or rental of the Property or will otherwise make unavailable or deny the Property to anyone because of race, color, religion, sex, national origin, disability, age, or familial status, and (b) Borrower recognizes as illegal



11099536
Page 0 of 6
SOUTHERN CHESTER COUNTY          05/18/2011 09:08A   B-8179 P-600

and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on dwelling relating to race, color, religion, sex, national origin, disability, age or familial status.

18. **Sale of Note; Change of Loan Servicer.** The Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower. A sale may result in a change in the entity (known as the "Loan Servicer") that collects monthly payments due under the Note and this Security Instrument. There also may be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change in accordance with paragraph 13 above and applicable law. The notice will state the name and address of the new Loan Servicer and the address to which payments should be made.

19. **Uniform Federal Non-Judicial Foreclosure.** If a uniform federal non-judicial foreclosure law applicable to foreclosure of this security instrument is enacted, Lender shall have the option to foreclose this instrument in accordance with such federal procedure.

20. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any hazardous substances on or in the Property. The preceding sentence shall not apply to the presence, use, or storage on the Property of small quantities of hazardous substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any federal, state, or local environmental law or regulation.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any hazardous substance or environmental law or regulation of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any hazardous substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with applicable environmental law and regulations.

As used in this paragraph "hazardous substances" are those substances defined as toxic or hazardous substances by environmental law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "environmental law" means federal laws and regulations and laws and regulations of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

21. **Cross Collateralization.** Default hereunder shall constitute default under any other real estate security instrument held by Lender and executed or assumed by Borrower, and default under any other such security instrument shall constitute default hereunder.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **SHOULD DEFAULT** occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors Lender, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to Lender hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

23. The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to Lender secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at Lender's option, any other indebtedness of Borrower owing to Lender, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, Lender and its agents may bid and purchase as a stranger and may pay Lender's share of the purchase price by crediting such amount on any debts of Borrower owing to Lender, in the order prescribed above.

24. Borrower agrees that Lender will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, or (d) limiting the conditions which Lender may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

25. Upon default by Borrower as aforesaid, Lender may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to Lender, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at Lender's option and at the time and place and in the manner and after such notice and on terms required by statute or

11099536
Page 7 of 8
SOUTHERN CHESTER COUNTY   05/18/2011 09:08A   B-8179 P-600

determined by Lender if not contrary to statute, or (c) written agreement hereafter made between Borrower and Lender.

**26. COAL AND RIGHT OF SUPPORT.** THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN; AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

**27.** Borrower shall use the loan evidenced by the note solely for purposes authorized by the Government. Borrower shall not (a) abandon the property; (b) cause or permit waste, lessening or impairment of the property; or (c) cut, remove, or lease any timber, gravel, oil, gas, coal or other minerals without the written consent of the government, except as necessary for ordinary domestic purposes.

**28. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. [Check applicable box]

☐ Condominium Rider   ☒ Planned Unit Development Rider   ☐ Other(s) [specify]

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 6 of this Security Instrument and in any rider executed by Borrower and recorded with this Security Instrument

Signed, sealed, and delivered in the presence of:

_____   Jose H. Torres (Seal)
                           Jose H. Torres Lopez   Borrower

_____   Michelle Olvera (Seal)
                           Michelle Olvera   Borrower

## ACKNOWLEDGMENT

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF Chester } ss:

On the 13 day of May, 2011, before me, a Notary Public in and for said State and County, personally appeared Jose H. Torres Lopez and Michelle Olvera, known (or satisfactorily proved) to me to be the person(s) whose name(s) are subscribed to the within instrument, and acknowledged to me that they executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.
My commission expires Sep 3, 2012

_____
Notary Public

(NOTARIAL SEAL)

NOTARIAL SEAL
NYDIA BRISON
Notary Public
KENNETT SQUARE BORO, CHESTER CNTY
My Commission Expires Sep 3, 2012

I certify that the precise residence of the within-named Lender is 1400 Independence Avenue SW, Washington, D.C. 20250. Witness my hand this 13 day of May, 2011.

_____
Agent of Lender

11099536
SOUTHERN CHESTER COUNTY    05/18/2011 09:08A    B-8179 P-600
Page 8 of 8

ALL THAT CERTAIN lot or parcel of ground SITUATE in the Borough of Oxford, County of Chester, Commonwealth of Pennsylvania, bounded and described according to a Land Development Plan of Copperfield prepared for R. Samuel McMichael by Concord Land Planners & Surveyors, dated April 10, 2000, last revised January 5, 2001 and recorded in Chester County Recorder of Deeds Office as Plan No. 17266 as follows, to wit:

BEGINNING at a point, a corner of Unit No. 15 as shown on said plan; thence from said point of beginning, along the Northerly side of Unit No. 16, North 82 degrees 16 minutes 24 seconds East 18.00 feet to a point; thence South 07 degrees 43 minutes 36 seconds East 70.00 feet to a point; thence along the Southerly side of Unit No. 16, South 82 degrees 16 minutes 24 seconds West 18.00 feet to a corner of Unit No. 15; thence along Unit No. 15, North 07 degrees 43 minutes 36 seconds West 70.00 feet to the first mentioned point and place of beginning.

BEING Unit No. 16 as shown on said plan.

BEING part of the same premises which R. Samuel McMichael and M.M. & C. Associates, by Indenture bearing date 1/12/2005 and recorded 1/28/2005 in the Office of the Recorder of Deeds, in and for the County of Chester in Record Book 6397 page 1729., granted and conveyed unto D.C.W. INC., a PA Corporation, in fee.



11099536
Page 8 of 8
SOUTHERN CHESTER COUNTY   05/18/2011 09:08A   B-8179 P-600

ALL THAT CERTAIN lot or parcel of ground SITUATE in the Borough of Oxford, County of Chester, Commonwealth of Pennsylvania, bounded and described according to a Land Development Plan of Copperfield prepared for R. Samuel McMichael by Concord Land Planners & Surveyors, dated April 10, 2000, last revised January 5, 2001 and recorded in Chester County Recorder of Deeds Office as Plan No. 17266 as follows, to wit:

BEGINNING at a point, a corner of Unit No. 15 as shown on said plan; thence from said point of beginning, along the Northerly side of Unit No. 16, North 82 degrees 16 minutes 24 seconds East 18.00 feet to a point; thence South 07 degrees 43 minutes 36 seconds East 70.00 feet to a point; thence along the Southerly side of Unit No. 16, South 82 degrees 16 minutes 24 seconds West 18.00 feet to a corner of Unit No. 15; thence along Unit No. 15, North 07 degrees 43 minutes 36 seconds West 70.00 feet to the first mentioned point and place of beginning.

BEING Unit No. 16 as shown on said plan.

BEING part of the same premises which R. Samuel McMichael and M.M. & C. Associates, by Indenture bearing date 1/12/2005 and recorded 1/28/2005 in the Office of the Recorder of Deeds, in and for the County of Chester in Record Book 6397 page 1729., granted and conveyed unto D.C.W. INC., a PA Corporation, in fee.



EXHIBIT "C"



**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

**United States
Department of
Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 457-4450 (FAX)



JOSE H TORRES-LOPEZ
7 BRIGHTON COURT
OXFORD   PA   19363

 12000

SCC

SUBJECT: NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT OF
THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF INTENT TO
FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
THIS ACTION

Dear   JOSE H TORRES-LOPEZ

**PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, as set forth below, is now declared immediately due and payable and demand
is hereby made on you to pay this entire indebtedness. If payment is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) given to secure the indebtedness by foreclosure
of its lien(s) on your house.**

| Account Number(s) | Date of Promissory Note | Amount |
|---|---|---|
| | 05/13/11 | 189900.00 |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s). The reason(s) for the acceleration of your indebtedness is (are)
as follows:

   **MONETARY DEFAULT**

The balance of the account is unpaid principal in the amount of $  187683.71          and unpaid
interest in the amount of $ 2879.06        , as of   10/09/14   plus additional interest accruing at
the rate of  $  23.7818          per day thereafter, plus additional advances to be made by the United
States for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found
online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may
also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S.
Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax at (202)
690-7442 or email at program.intake@usda.g·v.

*H30000026O1* L9O6ISCC

# EXHIBIT "D"

<u>You have the right to cure your monetary default and stop foreclosure action thereby reinstating
your mortgage by bringing your mortgage account up-to-date at any time from now up until one
hour before the commencement of bidding at the United States Marshal's sale.</u>

<u>You may cure your monetary default by paying the total of all the following charges:</u>

- <u>Pay $ 3231.33          , the current delinquency, plus additional payments which
  come due each month following this notice.</u>

- <u>Pay any additional foreclosure costs which may include costs of title examination, court
  costs, and cost of advertising the foreclosure sale.</u>

- <u>Pay any delinquent real estate taxes and show proof that your property is insured with
  homeowners insurance.</u>

<u>You should contact Centralized Servicing Center where your account is being serviced at
1(800)793-8861 or mail your request to PO Box 66827, St.Louis, MO 63166 in order to obtain
the exact amount your account(s) is(are) behind. You may reinstate not more than three
times in any one calendar year.</u>

The payment to cure your monetary default must be paid in cash, cashier's check or certified
check, made payable to USDA/RD and delivered to the Centralized Servicing  Center at the
above address.  The payment may also be made to the U.S. Marshal who conducts the sale
up to one hour before the bidding commences.

You are hereby notified that unless the accounts(s) is(are) paid current  and other violations
removed or said indebtedness is paid in full within 30 days from the receipt of this notice,
the United States of America will take action to foreclose.  The earliest date on which your
property will be sold by the United States Marshal will be approximately 60 days from the
date of this letter.  Payment of the indebtedness should be made by cashier's check, or
postal money order payable to the USDA/RD and mailed to USDA-Rural Development,
P.O. Box 790170, St. Louis, MO 63179-0170.

If you submit to the Centralized Servicing Center any payment insufficient to cure the account in full
or insufficient to pay the entire indebtedness, should you desire to select such option, such payment
**WILL NOT CANCEL** the effect of this notice.  If insufficient payments are received and credited to
your account, no waiver or prejudice of any rights which the United States may have will result and
the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS-** You have the opportunity to discuss this decision
to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the
foreclosure takes place.  This is an opportunity to discuss why you believe the United States is in
error in accelerating your loan(s) and proceeding with foreclosure.  If you desire to have an informal
discussion with an RHS official or have any questions concerning this decision or the facts used in
making this decision, you should contact this office in writing.  The request for an informal discussion
must be sent to the undersigned no later than  10/24/14   . Requests which are postmarked by
the U. S. Postal Service on or before that date will be considered as timely received.  You also have
the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an
informal discussion with this office.  If you request an informal discussion with an RHS official, and
this does not result in a decision in which you concur, you will be given a separate time frame in
which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** - If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.



If you fail to comply with the requirements outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture

Date:    10/09/14
Attachment
CC:    State Office

This letter was mailed certified and regular mail on    10/09/14 .

•H3000002603• L90S15CC

# APPEALS RIGHTS ATTACHMENT

If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.

## OPTION 1 - Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the following two options. If you do, you will automatically waive your right to reconsideration.

## OPTION 2 - Mediation

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation.* If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process. To request mediation or ADR, you must write the Rural Development State Director (see reverse side). The written notice must be postmarked by you no later than 30 calendar days from the date of this letter. Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation. You may skip mediation and request an appeal hearing. However, in doing so, you will automatically waive your rights to mediation and reconsideration.

## OPTION 3 - Request an Appeal

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter. You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account. Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer. You may have a representative or counsel with you at these hearings and may present your own witnesses. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

To request reconsideration,  send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

PENNSYLVANIA STATE OFFICE
USDA - Rural Development
1 Credit Union Place
Suite 330
Harrisburg, PA 17110-2996

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457



**United States
Department of
Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TY Hearing Impaired Only) or
(314) 457-4450 (FAX)

CERTIFIED MAIL
RETURN RECEIPT REQUESTED



MICHELLE OLVERA
7 BRIGHTON COURT
OXFORD   PA   19363

  12000

SCC

SUBJECT: NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT OF
THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF INTENT TO
FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
THIS ACTION

Dear   MICHELLE OLVERA

**PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, as set forth below, is now declared immediately due and payable and demand
is hereby made on you to pay this entire indebtedness. If payment is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) given to secure the indebtedness by foreclosure
of its lien(s) on your house.**

| Account Number(s) | Date of Promissory Note | Amount |
|---|---|---|
|  | 05/13/11 | 189900.00 |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s). The reason(s) for the acceleration of your indebtedness is (are)
as follows:

   **MONETARY DEFAULT**

The balance of the account is unpaid principal in the amount of $  187683.71       and unpaid
interest in the amount of $ 2879.06       , as of   10/09/14   plus additional interest accruing at
the rate of  $  23.7818       per day thereafter, plus additional advances to be made by the United
States for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found
online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may
also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S.
Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202)
690-7442 or email at program.intake@usda.gov.

*HJ000002701* L90S1SCC

<u>You have the right to cure your monetary default and stop foreclosure action thereby reinstating your mortgage by bringing your mortgage account up-to-date at any time from now up until one hour before the commencement of bidding at the United States Marshal's sale.</u>

<u>You may cure your monetary default by paying the total of all the following charges:</u>

- <u>Pay $ 3231.33</u>          , <u>the current delinquency, plus additional payments which come due each month following this notice.</u>

- <u>Pay any additional foreclosure costs which may include costs of title examination, court costs, and cost of advertising the foreclosure sale.</u>

- <u>Pay any delinquent real estate taxes and show proof that your property is insured with homeowners insurance.</u>

<u>You should contact Centralized Servicing Center where your account is being serviced at 1(800)793-8861 or mail your request to PO Box 66827, St.Louis, MO 63166 in order to obtain the exact amount your account(s) is(are) behind. You may reinstate not more than three times in any one calendar year.</u>

The payment to cure your monetary default must be paid in cash, cashier's check or certified check, made payable to USDA/RD and delivered to the Centralized Servicing Center at the above address. The payment may also be made to the U.S. Marshal who conducts the sale up to one hour before the bidding commences.

You are hereby notified that unless the accounts(s) is(are) paid current and other violations removed or said indebtedness is paid in full within 30 days from the receipt of this notice, the United States of America will take action to foreclose. The earliest date on which your property will be sold by the United States Marshal will be approximately 60 days from the date of this letter. Payment of the indebtedness should be made by cashier's check, or postal money order payable to the USDA/RD and mailed to USDA-Rural Development, P.O. Box 790170, St. Louis, MO 63179-0170.

If you submit to the Centralized Servicing Center any payment insufficient to cure the account in full or insufficient to pay the entire indebtedness, should you desire to select such option, such payment WILL NOT CANCEL the effect of this notice. If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

YOUR RIGHT TO A DISCUSSION WITH RHS- You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place. This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure. If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing. The request for an informal discussion must be sent to the undersigned no later than 10/24/14   . Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received. You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office. If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** -If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.



If you fail to comply with the requirements outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

Thomas B. Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture

Date:   10/09/14
Attachment
CC:   State Office

This letter was mailed certified and regular mail on   10/09/14 .

H3000002703* L9081ECC

## APPEALS RIGHTS ATTACHMENT

If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.

**OPTION 1 - Reconsideration**

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the following two options. If you do, you will automatically waive your right to reconsideration.

**OPTION 2 - Mediation**

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation.* If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process. To request mediation or ADR, you must write the Rural Development State Director (see reverse side). The written notice must be postmarked by you no later than 30 calendar days from the date of this letter. Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation. You may skip mediation and request an appeal hearing. However, in doing so, you will automatically waive your rights to mediation and reconsideration.

**OPTION 3 - Request an Appeal**

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter. You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account. Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer. You may have a representative or counsel with you at these hearings and may present your own witnesses. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

To request reconsideration,  send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

PENNSYLVANIA STATE OFFICE
USDA – Rural Development
1 Credit Union Place
Suite 330
Harrisburg, PA 17110-2996

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457